**Julius D. SPEARS, Plaintiff,**

v.

**WILLIAMS NATURAL GAS COMPANY, Defendants.**

**Civil Action No. 95–2316–EEO.**

United States District Court, D. Kansas.

July 3, 1996.

**260**

Thomas A. Hamill, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Overland Park, KS, Teresa J. James, Adams, Jones, Robinson & Malone, Wichita, KS, Gregory M. Dennis, Gould Law Offices, Chartered, Lenexa, KS, Mark A. Warnick, Watson & Marshall L.C., Kansas City, MO, for Williams Natural Gas Co.

Marvin E. Rainey, Rainey, Byrum & Rainey, Overland Park, KS, for Julius D. Spears.

Galen E. Biery, Western Resources, Inc., Topeka, KS, for Western Resources Inc.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on landowner Spears' motion for an order correcting judgment (Doc. # 93). For the reasons set forth below, Spears' motion will be granted.

Spears seeks an order correcting two aspects of the judgment entered May 3, 1996, following a jury trial of Spears' appeal of the appraisers' award. First, the parties agree that the amount of the judgment should have been $100,000. The appraisers awarded $125,000. However, the jury awarded $225,000, and the clerk entered judgment for $225,000 with interest to be paid at the rate of 5.6% per annum. As required by Kan. Stat.Ann. § 26–511, the judgment should have only been for the amount of the deficiency. Spears' motion with respect to cor-

recting the amount of the judgment will, therefore, be granted.

Spears' second point is that the interest rate should have been 9.25%, the rate prescribed by Kan.Stat.Ann. § 16–204. Williams contends that because the judgment was entered in federal court, the proper interest rate is the uniform federal rate of 5.6%, pursuant to 28 U.S.C. § 1961. However, the mere fact that this condemnation proceeding was brought in federal court pursuant to the Natural Gas Act, 15 U.S.C. § 717f, does not require application of the federal interest rate to the judgment. We have, throughout these proceedings, looked to Kansas Eminent Domain Procedure Act, Kan.Stat.Ann. § 26–501 et. seq., to supply the governing law, because section 717f expressly requires that the practice and procedure in any such action shall "conform as nearly as may be with the practice and procedure in similar action or proceeding in the court of the State where the property is situated." Kan.Stat.Ann. § 26–511(c) provides for the payment of interest at the rate specified in Kan.Stat.Ann. § 16–204.

We do not believe that the uniform federal interest rate set forth by Congress in 21 U.S.C. § 1961 was intended to override a clearly specified state law interest rate in an action under section 717f. *See Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement,* 962 F.2d 1192, 1198–99 (6th Cir.), *cert. denied,* 506 U.S. 1022, 113 S.Ct. 659, 121 L.Ed.2d 585 (1992) (discussing applicability of state substantive law to determine just compensation in a condemnation proceeding under section 717f); *see also Georgia Power Co. v. Sanders,* 617 F.2d 1112, 1115–24 (5th Cir.1980) (en banc), *cert. denied,* 450 U.S. 936, 101 S.Ct. 1403, 67 L.Ed.2d 372 (1981) (applying state substantive law under "materially identical" language in the Federal Power Act, 16 U.S.C. § 814, i.e., that the proceeding shall conform to the practice and procedure of the state where the property is situated). The rationale of the courts in *Columbia Gas* and *Georgia Power* is equally applicable in the instant case, with respect to the interest rate to be applied. In short, incorporating the state interest rate will not frustrate the ob-

jectives of the Natural Gas Act. It will, however, discourage forum-shopping based on differential interest rates. We do not believe that Congress intended section 1961 to provide an incentive to condemners to bring actions under the Natural Gas Act in federal, rather than state court, in order to take advantage of a lower interest rate.

We recognize that the Tenth Circuit has held that the federal, rather than the state, post-judgment interest rate is to be applied to judgments rendered in federal court in actions brought under diversity jurisdiction. *See Adams–Arapahoe Joint School Dist. No. 28–J v. Continental Ins. Co.*, 891 F.2d 772, 780 (10th Cir.1989); *Everaard v. Hartford Accident & Indem. Co.*, 842 F.2d 1186, 1193 (10th Cir.1988). However, the diversity jurisdiction statute, 28 U.S.C. § 1332, invokes different policy considerations and does not involve a federal statute expressly directing that the proceedings "conform as nearly as may be" with the state practice and procedure in a similar proceeding. The distinction is determinative. Accordingly, the judgment will be corrected to reflect application of the state interest rate, 9.25%.

IT IS THEREFORE ORDERED that Spears' motion for an order correcting judgment (Doc. # 93) is granted.

The clerk is directed to correct the judgment to reflect a $100,000 judgment against Williams Natural Gas, with interest thereon from October 24, 1995, through June 30, 1996, at a rate of 9.25% per annum, and then at such rate thereafter as is fixed by Kansas law.